IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| VERONICA MORENO, | § |
| | § |
| *Plaintiff*, | § |
| | § NO. 1:25-cv-00568-ADA-DH |
| v. | § |
| | § |
| HPI REAL ESTATE SERVICES, LLC, | § |
| | § |
| *Defendant*. | § |

## JOINT FED. R. CIV. P. 26 REPORT

Pursuant to the Court's Amended Docket Control Order (Dkt. 7), Plaintiff Veronica Moreno ("Plaintiff") and Defendant HPI Real Estate Services, LLC ("Defendant")[1], file this Joint Rule 26(f) Report and would show as follows:

1. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.

**There are no outstanding issues regarding jurisdiction. The parties agree the amount in controversy exceeds $75,000.**

2. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

**There are no unserved parties, except to the extent that Defendant is improperly named. Plaintiff was employed by HPI Real Estate Management, Inc., which is prepared to waive service if Plaintiff amends her Complaint to properly identify the appropriate entity.**

3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

**Plaintiff asserts Defendant violated Title VII, prohibiting discrimination on the basis of race/national origin and retaliation; the Age Discrimination in Employment Act, prohibiting age discrimination and retaliation; the Americans with Disabilities Act, prohibiting disability discrimination and retaliation; and the Texas Commission on Human Rights Act,**

---

[1] Plaintiff was employed with HPI Real Estate Management, Inc. HPI Real Estate Management, Inc. has never operated under nor utilized the name "HPI Real Estate Services, LLC" and requests that Plaintiff amend her Complaint to correctly identify the Defendant as HPI Real Estate Management, Inc.

**prohibiting discrimination on the basis of race/national origin, age, disability, and retaliation.**

**Notwithstanding the fact that Defendant has been improperly named, an issue which should be remedied soon, Defendant has denied it engaged in any unlawful discrimination or retaliation. At all times the Defendant acted in good faith and in compliance with applicable statutory requirements. It had a legitimate, nondiscriminatory basis for the adverse employment action taken regarding Plaintiff. Additionally, defenses may be asserted as the case progresses through discovery.**

    4.   Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

**Parties will need to conduct discovery before they can make any stipulations.**

    5.   State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).

**Parties have no changes to the form or content of the required FRCP 26(a) Initial Disclosures and agree to exchange Initial Disclosures by August 8, 2025. Parties do not anticipate any issues related to the items identified in Fed. R. Civ. P. 26(f)(3) and respectfully request this Court enter the proposed Agreed Scheduling Order and the proposed Agreed Confidentiality and Protective Order.**

    6.   What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?

**No discovery has been conducted.**

    7.   What, if any, discovery disputes exist?

**No discovery disputes exist at this time.**

    8.   Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

**The Parties do not believe a FRE 502 Order is necessary at this time.**

    9.   Have the parties discussed mediation?

**The Parties have not discussed mediation but will do so in accordance with the proposed Agreed Scheduling Order.**

Dated:  July 28, 2025

Respectfully and jointly submitted,

| | |
|---|---|
| */s/ Trenton Lacy with permission* <br> Trenton Lacy <br> State Bar No. 24106176 <br> KAPLAN LAW FIRM, PLLC <br> 2901 Bee Cave Rd, Suite G <br> Austin, TX 78746 <br> P: (512) 943-2761 <br> F: (512) 692-2799 <br> tlacy@kaplanlawtx.com <br><br> **ATTORNEYS FOR PLAINTIFF** | */s/ Lauren Hope Whiting* <br> Lauren Hope Whiting <br> State Bar No. 24084091 <br> Lauren.Whiting@jacksonlewis.com <br> Jessica Maynard <br> State Bar No. 24127237 <br> Jessi.Maynard@jacksonlewis.com <br> JACKSON LEWIS P.C. <br> 93 Red River Street, Suite 1150 <br> Austin, Texas 78701 <br> PH: (512) 362-7100 <br> FX: (512) 362-5574 <br><br> **ATTORNEYS FOR DEFENDANT** |

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 28, 2025, the foregoing *Joint FRCP 26f Report* was electronically filed with the Clerk of Court for the U.S. District Court, Western District of Texas, in accordance with the e-filing protocols using the Court's electronic case filing system, which forwards copies of the foregoing document to the following attorneys of record:

Trenton Lacy
KAPLAN LAW FIRM, PLLC
2901 Bee Cave Rd, Suite G
Austin, TX 78746
P: (512) 943-2761
F: (512) 692-2799
tlacy@kaplanlawtx.com

                                                               */s/ Lauren Hope Whiting*
                                                               Lauren Hope Whiting

4915-5968-1872, v. 4